IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RHONSHAWN JACKSON, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | Case No. 18-cv-32 (Erie) |
| v. | ) ) | |
| O'BRIEN, et al., | ) ) | RICHARD A. LANZILLO UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) | |

MEMORANDUM OPINION

Presently pending before the Court is Plaintiff Rhonshawn Jackson's "Motion to Alter or Amend the Judgment/Reconsideration Motion" (ECF No. 40), which Jackson filed on April 9, 2019. In his motion, Jackson argues that this Court erred when it dismissed Defendants Tharp and Jones by Order dated March 22, 2019. ECF No. 39.

Because the instant motion seeks reconsideration of an order, the Court will construe Jackson's motion as a request for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Rule 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Litigants are cautioned to "evaluate whether what may seem to be a clear error of law is

1

in fact simply a point of disagreement between the Court and the litigant.'" *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa. 1993) *aff'd in part*, *rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Although Jackson does not indicate which subsection of Rule 59 forms the basis for his requested relief, a careful review of his motion suggests that he believes that the Memorandum Opinion (and accompanying Order) contains factual and legal errors that must be corrected to prevent manifest injustice. In making his claims, however, Jackson simply reasserts the same arguments that he raised in response to Defendants' motion to dismiss. Specifically, he argues that he established personal involvement by alleging: (1) Defendant Tharp's role in the grievance review process, and (2) Defendant Jones' awareness of the factual underpinnings of Jackson's alleged injuries  Those precise objections were addressed and rejected in the Memorandum Opinion. Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. *See, e.g.*, *Boone v. Daughtery*, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.").

For the reasons set forth above, Jackson's "Motion to Alter or Amend the Judgment/Reconsideration Motion" (ECF No. 40) is DENIED.

Dated: April 17, 2019

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge