**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RHONSHAWN JACKSON,            :
                   Plaintiff,    :    Civil Action No. 18-32
         v.            :
                        :
SGT. O'BRIEN, et al.        :
             Defendants.   :    ***ELECTRONICALLY FILED***
                        :
                        :
                        :
                        :

**DEFENDANT'S PRETRIAL NARRATIVE STATEMENT**

AND NOW, come Defendants O'Brien and Brown ("Defendants"), by their attorneys, Justin Gayle, Deputy Attorney General, and the Pennsylvania Office of Attorney General, and respectfully submit the following Pretrial Narrative Statement:

## I.  STATEMENT OF MATERIAL FACTS

### A.  *Procedural History*

Rhonshawn Jackson ("Plaintiff") is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC").  Plaintiff is currently confined at the State Correctional Institution at Rockview.  Plaintiff instituted the instant prisoner civil rights action on January 26, 2018, by filing a *pro se* Complaint (ECF No. 6) in the United States District Court in the Western District.  The case was docketed in that Court at No. 1:18-cv-00032.  The Complaint raised claims arising in part from his confinement at the State Correctional Institution at Albion ("SCI-Albion").

Plaintiff subsequently filed an Amended Complaint (ECF No. 17) after Defendants filed a partial motion to dismiss (ECF Nos. 13, 14). Rather than respond to the motion, Plaintiff filed

an Amended Complaint (ECF No. 26) on November 10, 2016. A Partial Motion to Dismiss the Amended Complaint (ECF Nos. 19, 20) was then filed on November 23, 2016. On July 10, 2017, this Court granted Defendants' motion. *See* ECF No. 39.

Following discovery, Defendants filed a motion for summary judgment. *See* ECF Nos. 55-58. On September 24, 2020, the Court issued a Memorandum Opinion granting summary judgment in favor of Defendants as to Counts I, III, and IV of the Amended Complaint. *See* ECF No. 67. "As to the retaliation claims at Count II...Defendants [could] renew their motion for summary judgment as to those claims within fourteen (14) days" after submission of exhibits referenced in Plaintiff's appendix. *Id.* On February 23, 2021, Plaintiff docketed exhibits (ECF No. 78) in support of his brief opposing Defendants' Motion for Summary Judgment (ECF Nos. 56-58). Thereafter, Defendants renewed their motion for summary judgment as to the claims at Count II. *See* ECF No. 81.

On March 16, 2021, the Court issued an order granting Defendants' Motion for Summary Judgment in part. *See* ECF No. 82. On April 27, 2021, Plaintiff filed a motion for reconsideration. *See* ECF No. 84. And on July 27, 2021, the Court issued a new Memorandum Opinion in response to Plaintiff's motion for reconsideration, and amended its order to "permit Plaintiff to pursue a retaliation claim against Sgt. O'Brien for allegedly denying Jackson yard privileges and law library access." *See* ECF Nos. 90, 91. "On reconsideration, the Court [found] a genuine dispute of material fact that O'Brien was personally involved in the adverse action of denying Jackson yard privileges." The Court *sua sponte* "observed upon additional review of Jackson's verified complaint that he has stated a retaliation claim against corrections officer O'Brien which no party has addressed in their motions or briefing on the motion to dismiss or motions for summary judgment." *Id.* at 14.

After a *Small* hearing, the Court entered judgment in favor of Defendants Szelewski, Clark, and Sissem on all claims. *See* ECF No. 110. "Plaintiff may proceed on 1) his retaliation claim against Defendant Brown and Defendant O'Brien arising out of their alleged denial of Plaintiff's yard privileges, 2) his retaliation claim against Defendant Brown based on his alleged threats of physical violence against Jackson, and 3) his retaliation claim against Defendant O'Brien for allegedly denying him law library access." *Id.*

This case has been tentatively set for trial to begin on January 10, 2021. *See* ECF No. 86. However, since the Court has entered an order requesting a lawyer to consider entering an appearance on behalf of the plaintiff, and no lawyer has done so as of the date of this pretrial statement, the Court will adjust future deadlines through a separate order. *See id.*

### B.  Statement of Material Facts

Plaintiff asserts that Defendants Brown and O'Brien denied him recreational "yard" on September 2, 2016 in retaliation for Plaintiff filing Grievance #631904 on June 22, 2016. ECF No. 58-1, p. 20. Plaintiff also alleges that Defendant O'Brien "allowed [him] to get denied…yard by C/O Brown even after [he] showed Sgt. O'Brien" his previous sexual harassment complaint. *Id.*  Simply, Defendants will testify that they deny all allegations. Plaintiff's allegations are completely fabricated.  If indeed Plaintiff did not attend recreational yard time on September 2, 2016, it was not due to any of Defendants' actions.

Assuming Plaintiff testifies consistent with his affidavit produced years after the fact, Defendants Brown and O'Brien will deny any of those allegations as well. Defendant O'Brien never said, "you should've thought about that before you filed that lawsuit against me and my guys. Take care of that lawsuit and I'll take care of Brown, till' [sic] then you're burned for yard!" *See* ECF No. 78-1, p. 1, ¶ 3 (Jackson's Affidavit).

Defendants will show that Plaintiff's contemporaneous grievance about this incident does not mention the direct quote he now attributes to O'Brien. *See* ECF No. 78-1, Ex. 2, p. 3 (Grievance #642817). Plaintiff also says in the affidavit that he did not go to yard for months. ECF No. 78-1, Ex. 71, p. 4, ¶ 11 (Jackson Affidavit). However, on March 3, 2017, Plaintiff sent a notice to Superintendent Clark and the letter never said that he didn't go to yard nor did it specify any yard days that he missed. *See* ECF No. 78, Ex. 32, p. 38.

Plaintiff also alleges that Defendant Brown retaliated against him by calling him names and threatening to kill him. Specifically, Plaintiff attests that "Defendant Brown then told plaintiff that he kills rats when he has rodent problems and that plaintiff should withdraw those PREA complaints if he doesn't want to be the next dead rat." ECF No. 78-1, Ex. 71, p. 3, ¶ 6 (Jackson Affidavit). Defendant Brown will testify that at no point did he utter those words or anything comparable. Defendant Brown will testify that Plaintiff's allegations are completely false.

Finally, Defendant O'Brien will testify that he never denied Plaintiff access to the law library. Defendants will show evidence that Plaintiff was free to visit the law library when he was signed up to visit the law library and that these accusations are likewise completely baseless.

## II.  WITNESSES

1.      Defendant O'Brien, Corrections Officer II (Sergeant), SCI-Albion

2.      Defendant Brown, Corrections Officer, SCI-Albion

3.      Witnesses necessary for rebuttal

4.      Witnesses on Plaintiff's Witness List

### III.  EXHIBITS

3.      Grievance No. 631904

4.      Grievance No. 642817

5.      Grievance No. 644414

6.      Grievance No. 648600

7.      Grievance No. _____ dated 9/19/16 and introduced by Plaintiff as ECF No. 101-3 at the *Small* hearing.

8.      Plaintiff's Complete Grievance History list during relevant time period.

9.      Misconduct B 587295

10.     Misconduct B 591166

11.     Misconduct B 941034

12.     Misconduct B 969823

13.     Any Exhibits necessary for impeachment or rebuttal including any of Plaintiff's statements.

### IV.  DAMAGES

No damages are sought by the Defendants in this case.  Defendants understand that Plaintiff is seeking damages in this case. However, Plaintiff is not entitled to any damages in this matter. In the event Plaintiff prevails, he is only entitled to nominal damages of $1.00 as he has not suffered any physical injury.

### V.  UNUSUAL LEGAL ISSUES

The Defendants do not believe that there are any unusual legal issues in this case. With respect to the issue raised by Plaintiff of whether Plaintiff should be restrained during the trial

and whether he should be permitted to wear civilian clothing during the trial, the Defendants will defer to the Court and the U.S. Marshal's Service with regard to matters of courtroom security.

With respect to Plaintiff's representation that he will "move to exclude all evidence, testimony, and argument regarding the reasons for his incarceration and his disciplinary history while incarcerated" the Corrections Defendant does not intend to introduce evidence of Plaintiff's conviction offense. However, Plaintiff's misconduct history including the misconducts listed in Defendants' Exhibit List are relevant to Plaintiff's housing and associated privileges on and around the dates of the allegations. Furthermore, Defendants reserve the right to introduce such evidence to the extent Plaintiff makes such evidence relevant through testimony or other evidence.

## VI.  LENGTH OF TRIAL

It is estimated that the trial of this case should consume no more than two full trial days.

The Defendants reserve the right to amend or supplement this pretrial narrative statement up to and including the time of trial.

WHEREFORE, the Defendants respectfully requests that the Court accept the foregoing as the Defendants' Pretrial Narrative Statement in this case.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:    <u>/s/ *Justin A. Gayle*</u>
JUSTIN A. GAYLE
Deputy Attorney General
Attorney I.D. No. 327119

KAREN M. ROMANO
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

Date:  December 16, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within ***DEFENDANTS' PRETRIAL***

***STATEMENT*** was caused to be served upon the following via first-class mail:

**Smart Communications/PADOC**
**Rhonshawn Jackson, GW-4530**
**SCI Rockview**
**P.O. Box 33028**
**St. Petersburg, FL 33733**


By:     /s/ *Justin A. Gayle*
        JUSTIN A. GAYLE
        Deputy Attorney General


OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date:  December 16, 2021